UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MELISSA R., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:22-cv-02404-TAB-TWP |
| ) | |
| MARTIN J. O'MALLEY, Commissioner of the ) | |
| Social Security Administration,[1] ) | |
| ) | |
| Defendant. ) | |

**ORDER ON PLAINTIFF'S
BRIEF IN SUPPORT OF APPEAL**

**I.   Introduction**

Plaintiff Melissa R. appeals the Social Security Administration's denial of her application for disability insurance benefits. Plaintiff argues that the Administrative Law Judge erred by failing to properly evaluate (1) consultative examiner Dr. Caryn Brown's medical opinion; (2) Plaintiff's mental limitations in her residual functional capacity related to concentration, persistence, and pace; (3) Plaintiff's need to lie down due to headaches; and (4) Plaintiff's subjective allegations of her symptoms. The Commissioner disagrees, arguing that the ALJ reasonably relied on other state-agency psychological experts and normal examination findings. The Court finds that ALJ properly articulated why she found that assessments of the state-agency psychologists on Plaintiff's concentration functioning more persuasive than Dr. Brown's assessment. However, for reasons explained below, the Court agrees that the ALJ failed to

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Martin O'Malley automatically became the Defendant in this case when he was sworn in as Commissioner of the Social Security Administration on December 20, 2023, replacing Acting Commissioner of the Social Security Administration Kilolo Kijakazi.

properly evaluate Plaintiff's moderate limitations in concentration, persistence, or pace. Accordingly, Plaintiff's request for remand is granted. [Filing No. 14.]

**II.     Background**

On December 20, 2020, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits. Plaintiff also protectively filed a Title XVI application for supplemental security income on April 26, 2021. In both applications, Plaintiff alleged disability beginning on September 25, 2020. The SSA denied Plaintiff's claims initially and upon reconsideration. Following a hearing, the ALJ determined that Plaintiff was not disabled.

The ALJ followed the SSA's five-step sequential process to determine if Plaintiff was disabled. Plaintiff testified she was working at least 40 hours per week earning $17.60 per hour from December 2020 through May 14, 2021. Thus, at step one, the ALJ found Plaintiff had engaged in substantial gainful activity after September 25, 2020, the alleged onset date. [Filing No. 12-2, at ECF p. 13-14.] Nevertheless, the ALJ continued with the sequential evaluation. At step two, the ALJ determined that Plaintiff had the following severe impairments: cervical radiculopathy, lumbar radiculopathy, depressive disorder, anxiety disorder and adjustment disorder with mixed anxiety. [Filing No. 12-2, at ECF p. 14.]

At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix I. Before reaching step four, the ALJ determined Plaintiff's residual functional capacity, or her remaining ability to work despite her limitations. The ALJ concluded that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), but with the following limitations:

2

>   never climb ladders, ropes, or scaffolds; occasionally climb ramps or stairs, balance and stoop; never kneel, crouch, or crawl; no job requiring rapid or jerking neck movements; no job requiring operation of foot controls; no strobe or flashing lights in ordinary course of business; must avoid all use of hazardous moving machinery and all exposure to unprotected heights; no job that requires driving or operation of a motorized vehicle to perform functions of the job; can understand, remember and carry out detailed but not complex tasks; can relate on a superficial and ongoing basis with coworkers, supervisors, and general public; can attend to tasks for a sufficient period to complete tasks; and, can manage stresses involved with detailed work-related tasks.

[Filing No. 12-2, at ECF p. 18.] At step four, the ALJ concluded that Plaintiff could perform past relevant work as a hotel housekeeper, as actually and generally performed. The ALJ further concluded that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff could make a successful adjustment to other work that exists in significant numbers in the national economy. Accordingly, the ALJ concluded that Plaintiff was not disabled.

## III. Discussion

Plaintiff argues the ALJ failed to properly evaluate (1) consultative examiner Dr. Brown's medical opinion; (2) Plaintiff's mental RFC; (3) Plaintiff's need to lie down due to migraine headaches; and (4) Plaintiff's subjective allegations of her symptoms. The Court reviews the ALJ's decision to determine whether the ALJ's factual findings are supported by substantial evidence. *See, e.g., Biestek v. Berryhill*, __ U.S. __, __, 139 S. Ct. 1148, 1153 (2019) ("On judicial review, an ALJ's factual findings shall be conclusive if supported by substantial evidence." (Internal quotation marks omitted)). In addition, the Court reviews "to determine whether [the ALJ's decision] reflects an adequate logical bridge from the evidence to the conclusions." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021). "The court is not to reweigh evidence, resolve conflicts, decide questions of credibility, or substitute its judgment for that of the Commissioner. Where substantial evidence supports the ALJ's disability determination, we must affirm the decision even if reasonable minds could differ concerning whether the claimant

3

is disabled." *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) (internal citations, quotation marks, and brackets omitted).

      **A.**      **Evaluation of Consultative Examiner Caryn Brown's Medical Opinions**

First, Plaintiff argues that the ALJ erred in failing to properly evaluate the opinions of Dr. Brown. [Filing No. 14, at ECF p. 6.] Dr. Brown opined Plaintiff had the ability to learn, remember, and understand simple instructions, with limited ability to attend, concentrate, and complete simple tasks and limited ability to interact with others in public or a work setting. [Filing No. 12-14, at ECF p. 39.] The ALJ found Dr. Brown's opinions unpersuasive, stating: "the totality of the record supports that [Plaintiff] has the capacity to appropriately interact with others, and to attend to, complete, concentrate and complete detailed work, as well as simple routine work." [Filing No. 12-2, at ECF p. 23-24.] Plaintiff argues that the ALJ failed to explain her findings per the requirements of 20 C.F.R. § 404.1520(c), because the ALJ did not cite any record evidence to support her finding. Additionally, Plaintiff claims that Dr. Brown's opinions were supported by her own review of supporting documentation and her own examination of Plaintiff, as Dr. Brown documented deficits in most every examination performed, such as that Plaintiff was unable to adequately respond to many test prompts. [Filing No. 12-14, at ECF p. 38-39.]

However, as the Commissioner points out, the Court reads the ALJ's decision as a whole when determining if the ALJ adequately supported her conclusions. *See, e.g., Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2005). Here, the ALJ's decision, when read as a whole, adequately explained why the ALJ found the assessments from the state-agency psychologists regarding Plaintiff's concentration functioning to be more consistent with the record than Dr. Brown's assessment. The ALJ acknowledged that Dr. Brown's exam results supported her

4

statement. [Filing No. 12-2, at ECF p. 23.] But the ALJ reasoned that Dr. Brown's statement was not consistent with the totality of the evidence.

In addition, in earlier paragraphs on the same page of the ALJ's decision, the ALJ explained that the state-agency psychologists had persuasively found Plaintiff could maintain adequate concentration on detailed tasks because she had normal attention and concentration on exams. [Filing No. 12-2, at ECF p. 23.] The ALJ reasonably found Plaintiff's normal performance on exams conducted by treating providers better supported the state-agency psychologists' findings and conflicted with Dr. Brown's assessment. The Court cannot substitute its judgment for that of the ALJ. *See, e.g., Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022) ("[W]e do not review medical opinions independently but rather review the ALJ's weighing of those opinions for substantial evidence, and we only overturn that weighing if no reasonable mind could accept the ALJ's conclusion.").

The ALJ also dismissed Dr. Brown's opinions because she felt her use of the terms "fair" and "limited" were vague and unhelpful in determining Plaintiff's RFC. [Filing No. 12-2, at ECF p. 23.] Plaintiff argues that if the ALJ was unclear in the terminology used, she should have contacted Dr. Brown for further clarification. Additionally, Plaintiff contends that this is not a request for the Court to reweigh the evidence as evidence cannot be reweighed that was never properly weighed in the first place. *See, e.g., Reinaas v. Saul*, 953 F.3d 461, 467 (7th Cir. 2020) ("[T]he problem is not that the ALJ weighed the evidence in a certain way; it is that she cited only evidence favorable to her decision without discussing any contrary evidence.").

However, even if the ALJ erred in making these comments on the vagueness of Dr. Brown's statements, this argument does not support remand. *See, e.g., Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013) (explaining harmless-error review means no remand of a case to

5

the ALJ for further explanation if the court can predict with great confidence result on remand would be the same). Ultimately, as explained above, the ALJ soundly articulated why she found that the state-agency psychologists had more persuasively assessed Plaintiff's concentration functioning than Dr. Brown, to the extent she specified more concentration limitations than they did. The ALJ's comments on the vagueness of Dr. Brown's statements did not matter. Therefore, this argument does not support remand.

### B. Assessment of Plaintiff's Mental Residual Functional Capacity

Plaintiff more persuasively claims that the ALJ failed to properly evaluate all of her mental limitations in her RFC. The ALJ found Plaintiff had moderate limitations in three areas of functioning, including understanding, remembering, and applying information; interacting with others; and concentrating, persisting, or maintaining pace. [Filing No. 12-2, at ECF p. 17.] The ALJ included some mental limitations in Plaintiff's RFC, noting that Plaintiff: "can understand, remember and carry out detailed but not complex tasks; can relate on a superficial and ongoing basis with coworkers, supervisors, and general public; can attend to tasks for a sufficient period to complete tasks; and, can manage stresses involved with detailed work-related tasks." [Filing No. 12-2, at ECF p. 18.] However, Plaintiff argues that the ALJ did not explain how these limitations addressed Plaintiff's functional deficits and that they did not address all of her limitations. [Filing No. 14, at ECF p. 10.]

After summarizing the evidence, the ALJ stated Plaintiff was limited as assessed because: although the longitudinal evidence showed intact memory, Plaintiff identified zero of three items after a five-minute delay at the psychiatric consultative examination; Plaintiff reported mood swings despite the record also describing her as respectful, pleasant, and cooperative; and Plaintiff exhibited intact attention and concentration. [Filing No. 12-2, at ECF p. 21-22.]

Plaintiff argues that these statements "declared, but did not explain, how the evidence specifically supported the ALJ's conclusions." [Filing No. 14, at ECF p. 10.] Thus, Plaintiff complains that a logical bridge between the evidence and the ALJ's conclusions is lacking in the ALJ's decision. *See, e.g., Gedatus*, 994 F.3d at 900.

Plaintiff focuses predominately on the lack of related RFC limitations for Plaintiff's limitations in concentration, persistence, and pace. The ALJ expressly attributed the limitation to "detailed but not complex tasks" to Plaintiff's ability to understand, remember, and carry out instructions. [Filing No. 12-2, at ECF p. 18.] And the ALJ determined Plaintiff had moderate limitations in interacting with others and therefore limited her to a significant reduction in relating to others. However, despite finding moderate limitations in concentration, persistence, and pace, the ALJ included no corresponding limitations.

Plaintiff claims that the ALJ's finding that she exhibited intact concentration was at odds with finding she had moderate limits in concentration, persistence, and pace, and was unsupported by the record. In support, Plaintiff points out that the ALJ found the opinions of the state-agency psychologists persuasive, yet in the worksheet preceding the narrative assessment, they opined Plaintiff had moderate limitations in: maintaining attention and concentration for extended periods, performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances, completing a workday or workweek without interruptions from psychologically based symptoms, and in performing at a consistent pace without an unreasonable number and length of rest periods. [Filing No. 12-3, at ECF p. 7, 28.] The ALJ failed to include these moderate limitations related to concentration, persistence, or pace in the RFC determination, nor did she explain their omission. This, Plaintiff argues, is reversible error. [Filing No. 14, at ECF p. 11.]

As Plaintiff predicts, the Commissioner responds that the ALJ adequately supported her findings by adopting the state-agency psychologists' narrative assessments. The narrative sections specified that Plaintiff could concentrate well enough to execute detailed but not complex tasks. [Filing No. 12-3, at ECF p. 8, 28.] Moreover, the worksheets specified that Plaintiff was not significantly limited in her ability to understand and remember very short and simple instructions, carry out very short and simple instructions, and to make simple work-related decisions. Thus, the Commissioner argues that the worksheets confirmed that Plaintiff had no significant problems concentrating on the tasks required to return to her past work as a housekeeper.

"Although checklist observations cannot be ignored, they are perhaps less useful to an ALJ than a doctor's narrative summary and do not outweigh the narrative opinions." *Urbanek v. Saul*, 796 Fed. App'x 910, 915 (7th Cir. 2019). Still, even if the checklist portion is less useful, Seventh Circuit caselaw—cited by both Plaintiff and the Commissioner—consistently states that the ALJ is required to adequately account for the moderate limitations contained in the assessment, and that the ALJ may rely on the narrative section only *when it is consistent with the checklist. See, e.g., Pavlicek v. Saul*, 994 F.3d 777, 783 (7th Cir. 2021) ("[T]he ALJ reasonably relied on the narrative RFC because it was in fact consistent with the 'moderate' checklist ratings. The ALJ must consider whether the consultants' narrative RFC assessments adequately encapsulated and translated the checklist." (Internal citation, quotation marks, and brackets omitted)); *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) ("[A]n ALJ may reasonably rely upon the opinion of a medical expert who translates these findings into an RFC determination.").

8

In this case, the narrative section did not account for all the moderate limitations noted in the checklist. Specifically, it did not address the worksheet limitations regarding concentration noted above. The Commissioner's response glosses over the fact that the ALJ found Plaintiff had moderate limitations in the checklist section of the assessment related to concentration, persistence, and pace, yet provided no related RFC limitations in her decision. In addition, the Commissioner makes no supported argument that the narrative accommodated the moderate limitations opined by the agency experts. These experts opined Plaintiff had moderate limitations in maintaining attention and concentration for extended periods, performing activities within a schedule, maintaining regular attendance, being punctual within customary tolerances, completing a workday or workweek without interruptions from psychologically based symptoms, and in performing at a consistent pace without an unreasonable number and length of rest periods. [Filing No. 12-3, at ECF p. 7, 28.] The Commissioner sets forth no argument as to how the ALJ accommodated for these limitations or otherwise explained the omission.

For example, the Commissioner fails to explain how the ALJ's decision accommodated for a moderate limitation in the ability to complete a normal workday and work week without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. This Court has previously explained that when the Commissioner cannot demonstrate how these moderate worksheet limitations were accommodated when the ALJ found those experts persuasive and the vocational expert testified that the plaintiff would be unemployable with so much time off-task, the decision cannot stand. *See Kathy H. v. Kijakazi*, No. 1:20-cv-2721-MG-RLY, 2022 WL 855005, at *6 (S.D. Ind. Mar. 22, 2022) ("Here, Dr. Lovko and Dr. Unversaw's checkbox limitation specifically indicated that [the plaintiff] was moderately limited in completing a workday or workweek without

9

psychologically based symptoms and in working at a consistent pace without an unreasonable number and length of rest periods. While the RFC adopted by the ALJ addresses some limitation in the area of concentration, the ALJ did not account for the moderate time-off-task limitations reflected in the checkbox.").

The Commissioner mistakenly characterizes Plaintiff's argument to state that the vocational expert's testimony regarding the amount employers tolerate an employee being "off task" equates to evidence that Plaintiff had such limitations. [Filing No. 16, at ECF p. 11.] Rather, Plaintiff simply asserts that because the VE testified that concentration deficits could impact an individual's ability to perform work, and because the record supported such deficits, the ALJ's failure to address this evidence was not harmless error. *See also Kathy H*., 2022 WL 855005, at *6-7.

For these reasons, remand is required for the ALJ to properly evaluate Plaintiff's moderate limitations in concentration, persistence, or pace and connect any related RFC limitations to the evidence—or provide a proper logical bridge explaining why such limitations are not necessarily supported.

    **C.**    **Assessment of Plaintiff's Subjective Symptoms and Lack of Limitation Plaintiff's Alleged Need to Lie Down Due to Headaches**

Plaintiff also claims that the ALJ failed to evaluate her need to lie down in a dark room, sometimes for hours at a time, due to migraine headaches that occurred multiple times per week, and to set forth a legally sufficient and substantially supported analysis of Plaintiff's subjective symptoms. [Filing No. 14, at ECF p. 14-17.]

The regulations describe a two step-process for evaluating a plaintiff's subjective symptoms. First, the ALJ "must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce the individual's

10

symptoms, such as pain"; and second, the ALJ must "evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities[.]" SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017). In evaluating the claimant's subjective symptoms, "an ALJ must consider several factors, including the claimant's daily activities, her level of pain or symptoms, aggravating factors, medication, treatment, and limitations, and justify the finding with specific reasons." Villano v. Astrue, 556 F.3d 558, 562 (7th Cir. 2009) (internal citations omitted).

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record. [Filing No. 12-2, at ECF p. 19.] Plaintiff argues that in doing so, the ALJ failed to support this finding with an adequate explanation. Plaintiff also argues that the record supported her headache allegations, noting that she sought emergency department treatment for migraines frequently and was assessed with intractable migraines and cluster headaches.

The ALJ acknowledged that Plaintiff had a diagnosis of intractable migraine, but pointed out that Plaintiff reported multiple occasions where she did not take the medication as prescribed. [Filing No. 12-2, at ECF p. 15-16.] The ALJ concluded that "[a] thorough review of the record indicates the claimant's headaches are effectively treated with proper medication adherence." [Filing No. 12-2, at ECF p. 16.] Thus, the ALJ found this condition to be non-severe. Nevertheless, because Plaintiff reported that light made her headaches worse, the ALJ included an RFC limitation to "no strobe or flashing lights in the ordinary course of business[.]" [Filing No. 12-2, at ECF p. 16.]

Plaintiff takes issue with the fact that the ALJ did not include any restriction in her RFC related to her allegation that she needed to lie down and argues that this error was not harmless given the VE's testimony that the need to lie down at work would impact an individual's ability to perform any work. [Filing No. 12-2, at ECF p. 15-16.] The only evidence of limitations related to migraines were Plaintiff's own subjective complaints. The ALJ provided a reasonable basis for doubting the accuracy of Plaintiff's allegations of extreme limitations related to headaches.

Moreover, in light of the Court's remand for a new evaluation of Plaintiff's moderate limitations in concentration, persistence, and pace, the Court need not address in detail Plaintiff's remaining arguments. On remand, the ALJ must properly evaluate Plaintiff's subjective complaints of pain and address all issued raised with the ALJ by Plaintiff's counsel.

**IV.     Conclusion**

For the foregoing reasons, Plaintiff's request for remand is granted. [Filing No. 14.] The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this opinion.

Date: 12/22/2023

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email